Tilghman C. J.
It was decided in the case of Moliere's lessee v. Noe, (4 Dall. 450,) that a purchaser at a sale made by order of the Orphans’ Court, holds the land discharged fiom the lien of judgments against the intestate. Hence the defendants’ counsel have drawn an inference, that all priority between judgment creditors is abolished. The case has been ingeniously-argued ; but upon full reflection, we are of opinion, that the intention of the act of 19th April, 1794, cannot be effectuated without establishing the principle assumed in the Court’s opinion in Moliere's lessee v. Noe; that is to say, that the proceeds of the sale shall be applied to the dis *129 charge of the judgments in order, according to priority of date. The act of assembly discharges the land from the lien of judgments, in the hands oj the purchaser, but contains neither expression nor intimation, that the judgment creditors shall lose the benefit of their liens in other respects, and to . give it that construction would produce a state of uncertainty and inconsistency, which ought not to be attributed to any law, without positive and plain expressions. No reason can be assigned for varying the rights of judgment creditors, according to the accident of the debtor’s dying testate or intestate. Yet this will be the case, according to the defendants’ construction, because the power of the Orphans’ Court to order a sale, is limited to cases of intestacy. Neither can any reason be assigned, why the rights of judgment creditors should be different, when the land is sold by the sheriff by virtue of an execution, and when by the administrators by order of the Orphans’ Court. But it is not denied, that the creditor who sues out an execution against the administrators on a judgment, obtained against the intestate in his lifetime, may have the land sold, and the proceeds applied to the payment of his judgment, provided he has the oldest judgment. Add to this, that as the act of 1794 embraces all debts, both before and after its date, it would work injustice, if it destroyed the lien of judgments obtained before its enactment. Whereas, the construction adopted by the Court, in Moliere’s lessee v. JVbe, is subject to none of these inconveniences, but gives the act an operation, which produces an advantageous sale of the real estate, without materially affecting the rights of the judgment creditors. We have, therefore, no hesitation in abiding by this construction, from which it follows, that the plaintiff’s judgment, having priority in date, is entitled to priority in payment.
Gibson J. was absent.
Duncan J. concurred.